9/4/2020 11:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46012637
By: Cecilia Thayer
Filed: 9/4/2020 11:13 PM

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 1 of 13

**Case No. _____**

| | | |
|---|---|---|
| **PHILLIP COLLINS,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | |
| **CITY OF HOUSTON,** | § | |
| **HOUSTON POLICE** | § | **_____JUDICIAL DISTRICT** |
| **DEPARTMENT, ART** | § | |
| **ACEVEDO, GARY TYNEWAY,** | § | |
| **BRIAN TSAI, AND** | § | |
| **SAMANTHA TANNERY** | § | |
| **DEFENDANTS.** | § | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT**:

Plaintiff, Phillip Collins ("Plaintiff" or "Mr. Collins"), files this Original Petition against Defendants Gary Tyneway ("Defendant" or "Tyneway"), Brian Tsai ("Defendant" or "Tsai"), Samantha Tannery ("Tannery" or "Defendant"), City of Houston, and Art Acevedo (collectively "Defendants") and in support thereof show as follows:

### I. INTRODUCTION

1.      On the night of January 20, 2019, Mr. Collins was enjoying a drink with a friend at a local Houston bar.

2.      After spending time at the bar, Mr. Collins and his friend decided to leave.

3.      While Mr. Collins and his friend waited outside, they were approached by a stranger who threatened to call the police on Mr. Collins.

4.      The stranger accused Mr. Collins of taking her cellphone. Mr. Collins never took the stranger's phone.

5.      The stranger, later identified as Samantha Tannery, had her phone on her person at all times and fabricated a false statement about Mr. Collins taking her phone.

6.      A call was made to the police, to which officers Tyneway and Tsai responded.

7.      Upon arrival at the bar, Tyneway and Tsai detained Mr. Collins.

8.      Mr. Collins was arrested and charged with interference with an emergency request for assistance.

## II. DISCOVERY CONTROL PLAN

9.      Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under a Level 2 discovery plan.

## III. PARTIES

10.     Plaintiff, Phillip Collins, is an individual residing in Harris County, Texas.

11.     Defendant, Gary Tyneway, is an individual who may be served with a citation at his residence located at ██████████████████████████████████ Tyneway may also be served at his place of employment, Houston Police Department, 1200 Travis Street Houston, Texas 77002, or wherever he may be found. Tyneway is being sued in his individual capacity. At all times relevant to this case he has acted under the color of law.

12.     Defendant, Brian Tsai is an individual who may be served with a citation at his

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 2 of 13

residence located at ███████████████████████. Tsai may also be served at his place of employment, Houston Police Department, 1200 Travis Street Houston, Texas 77002, or wherever he may be found. Tsai is being sued in his individual capacity. At all times relevant to this case he has acted under the color of law.

13.     Defendant, City of Houston is a municipal corporation located in the State of Texas, is incorporated under the laws of the State of Texas, and is located within the boundaries of Harris County. It may be served with citation through the city manager or Mayor Sylvester Turner, or wherever he may be found.

14.     Defendant, Chief Art Acevedo is an individual who may be served with a citation at his place of employment, Houston Police Department, 1200 Travis Street Houston, Texas 77002, or wherever he may be found. Acevedo is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

15.     Defendant, Samantha Tannery is an individual who may be served with a citation at her residence located at 705 Main St. unit 320 Houston, Texas, 77002.

## IV. JURISDICTION AND VENUE

16.     Jurisdiction is proper in this Court because the damages sought by Plaintiff exceed this Court's minimal jurisdictional limits, and the parties to this lawsuit are all subject to jurisdiction in the State of Texas. *See* Tex. R. Civ. P. 47(b). This Court has jurisdiction over Defendants because they are citizens of the State of Texas and they engaged in a concerted wrongful activity which is the subject of this lawsuit.

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 3 of 13

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 4 of 13

17.     Plaintiff seeks monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, plus all other relief to which the Plaintiff deems himself entitled. *See* Tex. R. Civ. P. 47(c), (d).

18.     The venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## V. ADDITIONAL FACTS

19.     On January 20, 2019, Mr. Collins left a local Houston bar with a friend. As both friends waited outside, they were approached by Samantha Tannery and accused of taking a cellphone.

20.     Samantha had her phone on her person and still accused Mr. Collins of taking the phone.

21.     A call was made to the police, to which Officers Tsai and Tyneway responded.

22.     After arriving at the bar, Tsai and Tyneway quickly detained Mr. Collins.

23.     Tsai and Tyneway failed to conduct a proper investigation into the allegations made against Mr. Collins.

24.     Tsai and Tyneway failed to interview any witnesses who were on the scene at the time the incident occurred.

25.     In fact, the HPD officers had no probable cause to arrest Mr. Collins and no evidence existed to effectuate an arrest of Mr. Collins.

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 5 of 13

26.     Mr. Collins was never in possession of the cell phone in question nor did he prevent Samantha Tannery from calling 911.

27.     Tyneway and Tsai falsified statements to effectuate an arrest of Mr. Collins.

28.     Tyneway falsely stated in his sworn summary of facts, that Mr. Collins took Samantha Tannery's phone and purse.

29.     Tannery made false statements to the police with malicious intent when she lied about Mr. Collins taking her cellphone. Tannery used the police to harass and intimidate Mr. Collins.

## VI. CAUSES OF ACTION

### Fourteenth Amendment Due Process and Fourth Amendment Unreasonable Seizure

30.     Plaintiff incorporates by reference all paragraphs contained herein.

31.     Tsai and Tyneway are liable to Mr. Collins for violating his Fourth Amendment Constitutional right to be free from unreasonable seizure, pursuant to 42 U.S.C. § 1983.

32.     Defendant, Tsai, and Tyneway violated Mr. Collins' clearly established constitutional rights and their conduct was objectively unreasonable in light of clearly established law at the time of the relevant incident, as state actors, while acting under the color of law.

### Monell Claims

33.     Plaintiff incorporates by reference all paragraphs contained herein.

34.     Art Acevedo is a state actor and the relevant policymaker for the Defendant City

of Houston.

35.     Art Acevedo is being sued in his individual capacity.

36.     Mr. Collins rights to be free from unreasonable seizure were violated because Acevedo promoted, adopted, and promulgated a policy or custom of allowing his arresting officers to wrongfully arrest citizens such as Mr. Collins without a proper investigation or probable cause.

37.     Acevedo violated Mr. Collins's right to be free from unreasonable seizure because he promoted, adopted, and promulgated a policy or custom of allowing his arresting officers to wrongfully arrest citizens based on the inadequate training and supervision of his officers.

38.     HPD officers, Tsai and Tyneway deliberately or recklessly violated Mr. Collins's civil rights under the color of law through an unreasonable seizure against him. No probable cause existed to arrest Mr. Collins nor did the officers conduct a proper investigation or gather any evidence to effectuate an arrest.

39.     Defendants were sufficiently aware that Acevedo's supervision and training policies were defective, incomplete, or routinely ignored by its officers (at least to the extent that they facilitated, permitted, and encouraged the unreasonable seizure against Mr. Collins and other individuals).

40.     Acevedo is liable for enacting and enforcing policies, procedures, or customs of ignoring apparent constitutional violations, namely unreasonable seizures during illegal

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 6 of 13

detention and arrests of innocent individuals not accused or suspected of any crimes.

41.    Mr. Collins had a right to due process of the law.

42.    Tsai and Tyneway violated Mr. Collins's right to due process when he was arrested for no reason.

43.    Mr. Collins had not committed a crime when Tsai and Tyneway began to arrest him.

44.    This unlawful arrest was a gross violation of Mr. Collins's right to not have his liberty deprived without due process.

45.    As a matter of this custom, policy, practice, Defendant Acevedo encourages the type of misconduct at issue by failing to adequately investigate, reprimand, train, supervise, control, and discipline instances of misconduct, leading the officers to believe that their misconduct will never be meaningfully investigated and that they can mistreat the public without fear of any consequences.

46.    Generally, as a matter of widespread practice so prevalent as to comprise policy, HPD officers, including Tsai and Tyneway regularly violate the constitutional rights of individuals in an aggressive and unconstitutional manner as alleged herein.

47.    HPD officers understand that they can unlawfully arrest individuals by using one of a limited category of crimes that are based upon the officer's allegations leaving the prosecutor to take the officer at his word since no other evidence is required. These crimes include trespassing, interference with public duties, disorderly conduct, evading,

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 7 of 13

and resisting arrest to name a few.

48.     On August 23, 2019, Tsai wrongfully arrested Benjamin Oshea Calhoun. In that incident, Mr. Calhoun allegedly threw a rock at an individual. Tsai arrested Mr. Calhoun for a hate crime and terroristic threat.

49.     The following day on August 24 during Mr. Calhoun's 11:00 am probable cause hearing, Tsai's police report was changed to reflect a charge of aggravated assault with a deadly weapon and a new allegation that the individual was hit with the rock and injured.

50.     Mr. Calhoun's hearing was reset to 1:00 pm and then 4:00 pm the same day.

51.     Tsai's police report changed again to state that Tsai inspected the rock, and identified the area of the body where the rock struck the individual complainant.

52.     The changes made to the police report were all in an attempt to maliciously prosecute Mr. Calhoun.

53.     The police body camera captured the encounter. The bodycam footage was contrary to the statements that Tsai made in his police report.

***Wrongful Arrest and Malicious Prosecution***

54.     Plaintiff incorporates by reference all paragraphs contained herein.

55.     Tyneway and Tsai submitted falsified statements to the Harris County District Attorney's Office for the purposes of charging and prosecuting Mr. Collins. Tyneway falsely alleged to the Harris County District Attorney's Office that Mr. Collins interfered with an emergency request for assistance.

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 8 of 13

56.     Tyneway's and Tsai's acts (i.e. unreasonable seizing Mr. Collins and furnishing falsified statements to the government) constitute malice, in that he acted with a specific intent to cause substantial injury or harm to Mr. Collins's record and reputation.

57.     By providing false statements to the Harris County District Attorney's Office, Tyneway and Tsai initiated criminal charges against Mr. Collins without probable cause.

58.     This resulted in a violation of Mr. Collins's constitutional rights under the Fourth Amendment and Fourteenth Amendment, specifically those related to improper and malicious prosecution, wrongful initiation of legal process (criminal prosecution), and the right to due process.

59.     Tannery provided false information to the police with the specific intent to cause substantial injury or harm to Mr. Collins.

*False Imprisonment*

60.     Plaintiff incorporates by reference all paragraphs contained herein.

61.      Tsai and Tyneway willfully detained Mr. Collins when he arrived at the bar.  Tsai and Tyneway directly restrained Mr. Collins from his physical liberty without adequate legal justification.

62.     Although he did not resist arrest or evade arrest, Mr. Collins did not consent to the wrongful arrest. Tsai and Tyneway acted unlawfully and without the authority of law when they wrongfully arrested Mr. Collins.

*Failure to Train or Supervise*

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 9 of 13

63.     Plaintiff incorporates by reference all paragraphs contained herein.

64.     At all times relevant hereto, all of Mr. Collins's inalienable and fundamental liberty interests were protected by the United States Constitution.

65.     Defendant Acevedo violated Mr. Collins's constitutional rights by failing to train or supervise Tsai and Tyneway and upholding his actions with deliberate indifference while he violated Mr. Collins's rights.

66.     Tsai and Tyneway had no probable cause to arrest Mr. Collins.

67.     Acevedo failed to train or supervise Tsai and Tyneway in conducting a proper investigation, probable cause standards, and gathering evidence to make a proper arrest.

68.     Additional training or supervision by Acevedo would have prevented Mr. Collins's injuries and violation of his constitutional rights.

**VII. DAMAGES**

69.     Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of his causes of action. Plaintiff requests damages within the jurisdictional limits of the Court including:

a. Physical pain and mental anguish;
b. Loss of earning capacity and lost wages;
c. Disfigurement;
d. Physical impairment;
e. Medical care expenses;
f. Out-of-pocket economic losses;
g. Other expenses related to the arrest and/or prosecution of Phillip Collins; and
h. Exemplary/punitive damages.
i. Plaintiff's reasonable and necessary attorneys' fees;
j. Costs of court;
k. Pre-judgment and post-judgment interest at the highest rates allowable by law; and

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 10 of 13

l. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself entitled.

70.     The damages sustained by the Plaintiff were proximately caused by the Defendants as set forth herein.

71.     Plaintiff respectfully requests the Court and jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future.

72.     There are certain elements of damages provided by law that the Plaintiff is entitled to have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff.

## VIII. ATTORNEYS FEES

73.     After prevailing herein, Plaintiff is entitled to recover reasonable and necessary attorney fees and costs to enforce his constitutional rights under 42 U.S.C. § 1983 and 1988 from Defendants.

## IX. REQUEST FOR DISCLOSURE

74.     Under Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in all of Texas Rule of Civil Procedure 194.2 (a)-(1).

## X. JURY DEMAND

75.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and demands a trial by jury.

## XI. PRAYER

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 11 of 13

76.    Plaintiff prays that he has a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court, and for all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,
By: /s/ U.A. Lewis
U.A. Lewis
Texas Bar No. 24076511
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F: (713) 581-1017
myattorneyatlaw@gmail.com
Lead Attorney for Plaintiff

By: /s/ Okwudili Onyekwelu
Okwudili Onyekwelu
Texas Bar No. 24110867
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F:  (713) 581-1017
oonyekwelu@thelewislaw.com
Attorney for Plaintiff

By: /s/ Damion Millington
Damion Millington
State Bar No. 24111178
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F:  (713) 581-1017

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 12 of 13

dmillington@thelewislaw.com
Attorney for Plaintiff

For Official Governmental Use Only - Do Not Disseminate to the Public: 92057782 - Page 13 of 13



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 5, 2020

Certified Document Number:        92057782 Total Pages:  13

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**